UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

TAVON GODFREY,

                Defendant.

17-Cr-511 (SHS)

OPINION

SIDNEY H. STEIN, U.S. District Judge.

    Following this Court's Opinion & Order granting Tavon Godfrey's Section 2255 motion (ECF No. 420), the government moved to reinstate the Superseding Indictment against defendant. The Court held oral argument on that motion earlier this week and granted the government's motion to reinstate the Superseding Indictment. This Opinion sets forth the Court's reasoning in fuller measure.

## I. Background

    In January 2018, Godfrey was indicted for racketeering conspiracy and a firearms offense. (Superseding Indictment, ECF No. 119.) Specifically, Count One charged Godfrey and eleven others with racketeering conspiracy in violation of 18 U.S.C. § 1962(d) and Count Three charged Godfrey and ten others with using and carrying a firearm during and in relation to that racketeering conspiracy and a narcotics conspiracy in violation of 18 U.S.C. § 924(c)(1)(A).

    The parties subsequently negotiated a plea agreement to resolve the charges against Godfrey and on April 24, 2018, he entered into a plea agreement with the government providing that he would enter a guilty plea to a one-count Superseding Information charging him solely with violating 18 U.S.C. § 924(c)(1)(A). The agreement provided for a stipulated guidelines range of 120 months' imprisonment and that, "[i]n consideration of the defendant's plea . . . at the time of sentencing, the Government will move to dismiss any open Count(s) against the defendant." (Plea Agreement, ECF No. 397-1, at 2-3.) The plea agreement also provided that:

> Should the conviction(s) following the defendant's plea(s) of guilty pursuant to this Agreement be vacated *for any reason*, then any prosecution that is not time barred by the applicable statute of limitations on the date of the signing of this agreement (including any counts that the Government has agreed to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against the defendant, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution.

> It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

Plea Agreement, at 5 (emphasis added).

This Court conducted an allocution in which it accepted Godfrey's guilty plea to Count One of the Superseding Information. (May 24, 2018 Hr'g Tr., ECF No. 244; ECF No. 211.) In October 2018, the Court sentenced Godfrey to a term of 120 months on Count One of the Superseding Information (consistent with the plea agreement) and, on motion of the government, dismissed the underlying indictment (also consistent with the plea agreement). (ECF No. 312; Sentencing Tr., ECF No. 328.)

Three years later, Godfrey moved to vacate his conviction under Section 2255 on grounds that there was an insufficient factual basis to support the predicate of the Section 924(c) count to which he had pleaded guilty. On July 21, 2022, the Court granted Godfrey's motion in an Opinion & Order. (ECF No. 420.)

## II. Discussion

The government immediately moved to reinstate the Superseding Indictment citing two independent bases: first, that Godfrey's plea agreement permits the reinstatement of the Superseding Indictment upon vacatur of his conviction; and second, that 18 U.S.C. § 3296(a) provides a separate basis upon which the Court should reinstate the Superseding Indictment. The Court, having considered the arguments of counsel, has determined that the motion should be granted.

## III. The Plea Agreement Provides for Reinstatement of the Superseding Indictment

As noted above, the plea agreement expressly provides that if Godfrey's conviction is vacated "for any reason," then "any prosecution that is not time-barred . . . may be . . . [so] reinstated against the defendant, notwithstanding the expiration of the statute of limitations." (Plea Agreement at 5.) This agreement, therefore, includes precisely the necessary language to allow for the reinstatement of the indictment. *See United States v. Podde*, 105 F.3d 813, 821 (2d Cir. 1997) (noting that if a plea agreement had contained a "a waiver of the statute of limitations covering those situations in which the defendant withdraws or challenges his or her guilty plea after the limitations period on the original charges has expired," the government would have been entitled to reinstate an underlying indictment).

Defendant's several arguments that the plea agreement does not apply are unpersuasive. First, Godfrey contends that an infirm plea necessarily renders the plea agreement void, yet offers not a scintilla of legal authority to support such a proposition. Second, defendant contends that the plea agreement was not a valid contract on the grounds that there was no consideration for it. To the contrary, there

was unambiguous consideration: the government undertook in the plea agreement to move for dismissal of "any open count(s)" at sentencing. (Plea Agreement at 2-3.) Also, as noted by the government, the counts in the Superseding Indictment resulted in a "substantially higher Guidelines range" than the sole count in the Superseding Information. Last, the Court rejects Godfrey's suggestion that his signing of the plea agreement and pleading guilty before this Court were done unknowingly or involuntarily; the Court conducted a thorough plea allocution and accepted the plea only after it determined that Godfrey's plea was made knowingly and voluntarily. (May 24, 2018 Hr'g Tr.; ECF No. 211.)

In sum, the government may invoke the explicit terms of the plea agreement to reinstate the Superseding Indictment.

### IV. 18 U.S.C. § 3296(a) Provides for Reinstatement of the Superseding Indictment

Even if the Court were to now deem the plea agreement invalid—which it decidedly does not do—the Court would be obliged to reinstate the Superseding Indictment because the government timely moved for reinstatement pursuant to 18 U.S.C. § 3296(a), which reads as follows:

> **(a) In general.**--Notwithstanding any other provision of this chapter, any counts of an indictment or information that are dismissed pursuant to a plea agreement shall be reinstated by the District Court if--
>
> **(1)** the counts sought to be reinstated were originally filed within the applicable limitations period;
>
> **(2)** the counts were dismissed pursuant to a plea agreement approved by the District Court under which the defendant pled guilty to other charges;
>
> **(3)** the guilty plea was subsequently vacated on the motion of the defendant; and
>
> **(4)** the United States moves to reinstate the dismissed counts within 60 days of the date on which the order vacating the plea becomes final.

After considering the four requirements of 18 U.S.C. § 3296(a), the Court finds that the government is entitled to reinstate the Superseding Indictment. First, "the counts sought to be reinstated" were filed within the applicable statute of limitations period. Second, the Court accepted Godfrey's plea and dismissed the Superseding Indictment against Godfrey at the time of sentencing pursuant to the plea agreement. Thus, the 18 U.S.C. § 3296(a)(2) requirement—that "the counts were dismissed pursuant to a plea agreement approved by the District Court under which the defendant pled guilty to other charges"—is satisfied. Third, when this Court granted Godfrey's Section 2255 motion to vacate his conviction for lack of a factual basis to support it, the

requirements of 18 U.S.C. § 3296(a)(3) were met. Last, since the government moved to reinstate the Superseding Indictment four days after this Court's grant of Godfrey's Section 2255 motion, the 60 day period window of 18 U.S.C. § 3296(a)(4) has been met.

In addition, the Court notes that applying 18 U.S.C. § 3296(a) in the circumstances present here is plainly consistent with the intent of the law. In *United States v. Podde*, the Second Circuit barred reindictment of a defendant on the original charges after the statute of limitations had run, yet noted that a waiver of the statute of limitations in the plea agreement would have permitted reinstatement of the charges. 105 F.3d 813, 814-15 (2d Cir. 1997). As Judge Alison J. Nathan later observed, "[t]he circumstance in *Podde* was later addressed by Congress in 2002 with the passage of 18 U.S.C. § 3296, which permits the government to reinstate counts of an indictment that were dismissed as part of a plea agreement following the vacatur of a guilty plea." *United States v. Pham*, No. 12-CR-423 (AJN), 2022 WL 993119, at *6 (S.D.N.Y. Apr. 1, 2022) (citing 18 U.S.C. § 3296(a)).

## V. Conclusion

Pursuant to both the plea agreement in this action and 18 U.S.C. § 3296(a), the Court has granted the government's motion to reinstate the Superseding Indictment against Tavon Godfrey.

Dated: New York, New York
August 4, 2022

SO ORDERED:

_____
Sidney H. Stein, U.S.D.J.